## Nutty v. Nutty.

(Decided March 26, 1926.)

### Appeal from Ballard Circuit Court.

1. Divorce.—Obligation of father to contribute to support of child does not terminate when mother, to whom custody has been awarded, takes up residence in another state.
2. Divorce—Evidence Held Not to Authorize Change of Judgment Awarding Custody of Child to Mother, or Terminating or Reducing Allowance for Support (Ky. Stats., Section 2123).—On petition by father, after divorce, evidence held not to authorize revision of judgment reducing allowance for support of 14 year old daughter because of remarried mother's removal to other state, though question is subject to further consideration, under Ky. Stats., section 2123, on proper application.

J. B. WICKLIFFE for appellant.

M. C. ANDERSON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant and appellee were divorced by judgment of the Ballard circuit court in 1918, and she was awarded the custody of their child, Aline, and $600.00 per year as alimony and for the support and maintenance of the

child, payable in semi-annual installments for a period of ten years. The judgment for alimony and maintenance was entered subject to the further orders of the court and the cause was retained on the docket. In 1920, upon its being made to appear that appellant had remarried, alimony to her was discontinued by judgment herein, but the allowance for the support and maintenance of the child was continued and fixed at $35.00 per month. No appeal was prosecuted from any of those judgments. In 1924 appellee asked for a revision of the judgment relative to the custody and support of the child, and prayed that he be granted her custody, or that a guardian be appointed to receive and spend for her support and education the money he was being required to pay for that purpose, and for all proper relief in the premises. The application for this relief was by written motion to which appellant responded. Proof was taken and upon the hearing the chancellor entered a judgment reciting that inasmuch as appellant now appeared to be living in the state of Illinois and to have with her the child, the appellee would be relieved of contributing anything further to the support of the child until appellant should return her to the "jurisdiction of the court." This appeal is prosecuted from that judgment.

There is no evidence tending to establish that appellant and her present husband are not in every way suitable persons to have the care and custody of the child or that they have failed in any particular to live up to the responsibilities of the trust. The only fact proved in evidence herein of which appellee complained was that appellant had tried to discount for cash the judgment against him for maintenance with a view of investing in a home, title to be taken in appellant. She could find no one willing to purchase the judgment, and will never be able to do so, because it is subject to revision at any time upon application to conform to changed conditions. There is no evidence tending to establish that the child in question, a girl now fourteen years of age, has not been provided for to the extent of the allowance from her father and more. The mother does not seem to have kept books so as to be able to account for all of the money spent in supporting the child, but from the evidence it is not to be doubted that she has spent the allowance and more in her support. Considering the evidence, it is not to be doubted that the welfare of the infant daughter of the parties will best be promoted by leaving her in the custody of her

mother. She has lived with her all her life. She has not lived with her father since 1917. The mother remarried over four years before the proof herein was taken, and there is nothing in the evidence that in the least tends to establish that the acquisition of a stepfather has imposed any hardships or unkindness upon her. He appears to be a locomotive engineer. They have lived for four or five years in Urbana, Illinois, where every educational advantage is within reach of the daughter. Strong maternal and filial ties of love and companionship have been formed in the fourteen years of constant association between the mother and daughter. That her custody was properly awarded to appellant in the first judgment was conceded by appellee by failing to appeal. He does not herein question the amount of the allowance.

We do not reach the question as to whether by removing from the jurisdiction of the court and taking the child with her, appellant has deprived the court of jurisdiction to decree a change as to custody or maintenance. She entered her appearance to the motion for revision by responding. The obligation of the father to contribute to the support of his child can not be held to terminate when the mother, to whom her custody has been awarded, takes up a residence in another state. The chancellor was in error in founding the judgment terminating the allowance from appellee for the support of his infant daughter upon that fact.

Our careful consideration of the entire record leaves us with the conclusion that no showing was made authorizing a change of the original judgment awarding the custody of the child to appellant or terminating or reducing the allowance for her support. That question is open to further consideration at any time upon the application or either party under the express provisions of section 2123, Kentucky Statutes.

For the reasons indicated the judgment herein is reversed and the cause remanded with direction that a judgment in conformity herewith be entered.

Judgment reversed.